UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JORGE CABRERA,<br><br>Defendant. | **24 Cr. 240 (DLC)**<br><br>25cv5570 (DLC) |

**Order re: Attorney-Client Privilege Waiver (Informed Consent)**

WHEREAS petitioner Jorge Cabrera (the "petitioner") has filed a petition pursuant to 28 U.S.C. § 2255 based on allegations of ineffective assistance of counsel (*see* Dkt. No. 73); and

WHEREAS the Government, after reviewing the petition, has concluded that the testimony of the petitioner's former counsel, Elena Fast, Esq. of Fast Law, P.C. ("Former Counsel") will be needed in order to allow the Government to respond to the petition; and

WHEREAS the Court, after reviewing the petition, is satisfied that the testimony of Former Counsel is needed in order to allow the Government to respond to the petition; and

WHEREAS by making the petition, the petitioner has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Former Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*,

IT IS HEREBY ORDERED that the petitioner shall execute and file within twenty-one days from the date of service of this Order the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form; and it is further

ORDERED that, within twenty-one days from the date that the executed "Attorney-Client Privilege Waiver (Informed Consent)" is filed, Former Counsel shall give sworn testimony, in the form of a declaration, addressing the allegations of ineffective assistance of counsel made by the petitioner.

ORDERED that, within thirty days from the date as of which Former Counsel's declaration has been filed, the Government shall file an answer or other pleadings in response to the petitioner. The petitioner shall have thirty days from the date on which he is served with the Government's answer to file a response. Absent further order, the petition will be considered fully submitted as of that date.

Dated: New York, New York
July 24, 2025

_____
HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JORGE CABRERA,

Defendant.

24 Cr. 240 (DLC)

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Jorge Cabrera

You have filed a petition pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel by your former counsel, Elena Fast, Esq., of Fast Law, P.C. (*see* Dkt. No. 73). The Court has reviewed your papers and determined that the Court needs to have a sworn testimonial statement from your former attorneys in order to evaluate your petition.

By filing this petition, you have waived the attorney-client privilege you had with your former counsel to the extent relevant to determining your claims. This means that, if you wish to press your claims of ineffective assistance, you cannot keep the communications between yourself and your former attorneys a secret — you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court already has issued an Order ordering your former counsel to give such testimony, in the form of a declaration. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your petition on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court. The form constitutes your authorization to your former counsel to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that, if you sign this authorization, you run the risk that your former counsel will contradict your statements about their representation of you. However, you should also know that the Court may deny your motion if you do not authorize your former counsel to give an affidavit in response to the Court's attached Order.

You must return this form with your signature within twenty-one days from the date on which you are served with this Order. If the Court does not receive this form with your signature within that time, the Court may deny your motion.

AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former counsel, Elena Fast, Esq., of Fast Law, P.C., to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my petition pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel. This authorization allows my former attorneys to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

_____                    Dated: _____
Jorge Cabrera