UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
UNITED STATES OF AMERICA,                  :
                                           :        25cv5570 (DLC)
                    -v-                     :        24cr240-2 (DLC)
                                           :
JORGE CABRERA,                             :        OPINION AND
                                           :            ORDER
                          Defendant.        :
                                           :
----------------------------------------- X

DENISE COTE, District Judge:

On December 6, 2024, Jorge Cabrera was sentenced principally to 120 months' imprisonment after he pled guilty to participating in a conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Cabrera did not appeal.  On July 1, 2025, Cabrera filed a petition pursuant to 28 U.S.C. § 2255 to vacate his sentence due to the ineffectiveness of his counsel and to be resentenced. For the following reasons, the petition is denied.

## Background

Cabrera and his co-conspirators operated a large-scale pill pressing and drug packaging operation from the cellar of a co-conspirator's residence in the Bronx.  Cabrera helped to combine methamphetamine with other substances, dyed the compound, pressed the mixture into pills and packaged the pills for

distribution.  Cabrera worked long hours at the mill and the mill pressed millions of pills.

Cabrera and co-conspirators were arrested on February 16, 2024, and on that day law enforcement seized an industrial-scale pill press, a ventilation system, approximately 30,000 methamphetamine pills as well as pure crystal methamphetamine from the mill.

Cabrera was indicted on April 17 and charged with conspiracy to distribute controlled substances and possession with intent to distribute controlled substances.  The charges carried a ten-year mandatory minimum term of imprisonment.

On August 21, Cabrera pled guilty pursuant to a plea agreement (the "Agreement") to a lesser included offense that carried a mandatory minimum sentence of five years' imprisonment.  The Agreement calculated the Sentencing Guidelines range as 135 to 168 months' imprisonment, based on an offense level of 33 and a criminal history category of I.

At sentencing on December 6, the Government advocated for a sentence within the guidelines range, while defense counsel sought a variance.  Defense counsel emphasized that Cabrera was merely a day laborer who was motivated by the need to financially support his family.  The Court adopted the parties' Sentencing Guidelines calculation, which was the same range

calculated by the Probation Department, but varied downward and imposed a sentence principally of 120 months' imprisonment.  The Court advised the defendant of his right to appeal.

Cabrera did not appeal his conviction.  On July 1, 2025, he filed the instant petition, arguing, among other things, that his attorney did not file the notice of appeal despite his request that she do so.  On August 12, Cabrera filed a waiver authorizing the attorney who represented him for his plea and sentence to address the allegations in his petition.  On September 5, counsel provided an affidavit and on October 6, the Government submitted its opposition to the petition.  Cabrera did not file a reply.

## Discussion

Under 28 U.S.C. § 2255, a movant may petition a court to "vacate, set aside or correct" a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States" or is "otherwise subject to collateral attack."  Stone v. United States, 37 F.4th 825, 828 (2d Cir. 2022) (citing 28 U.S.C. § 2255).  Pro se litigants are "entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest."  Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citation omitted).  Nevertheless, a pro se habeas petitioner must prove the

3

unconstitutionality of his sentence under § 2255 by a preponderance of the evidence.  See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000).

One potential basis for relief under § 2255 occurs when a defendant has received ineffective assistance of counsel.  A defendant who claims ineffective assistance of counsel must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) that any such deficiency was "prejudicial."  Strickland v. Washington, 466 U.S. 668, 688, 692 (1984).  "Courts reviewing ineffective assistance of counsel claims are highly deferential, and must strongly presume that counsel made all significant decisions in the exercise of reasonable professional judgment."  United States v. Rosemond, 958 F.3d 111, 121 (2d Cir. 2020) (citation omitted).  "This presumption is overcome only if counsel failed to act reasonably considering all of the circumstances."  Id. (citation omitted).

An attorney's post-sentencing performance may be constitutionally deficient if her "performance costs a defendant an appeal that the defendant would have otherwise pursued."  Garza v. Idaho, 586 U.S. 232, 235 (2019) (citation omitted).  Accordingly, when a defendant's attorney fails to file a direct appeal after her client instructs her to do so, the attorney's conduct is "professionally unreasonable," and prejudice is

presumed.  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).  This presumption of prejudice applies even when the defendant, like Cabrera, has signed an appeal waiver, Garza, 586 U.S. at 237, and even when his attorney "believes the requested appeal would be frivolous."  Campusano v. United States, 442 F.3d 770, 772 (2d Cir. 2006).  When a defendant represents that he requested an appeal, a court must conduct a factual inquiry.  Thomas v. United States, 93 F.4th 62, 66 (2d Cir. 2024) (per curiam).  "In many cases, the district court may discharge this obligation by accepting affidavits from the defendant's prior counsel . . .."  Id.  A district court has discretion to determine whether a hearing is necessary.  Id.

I.   Notice of Appeal

In his petition, Cabrera asserts that sometime after his sentencing he asked defense counsel to file a notice of appeal, and she failed to do so.  The petition does not elaborate further on the circumstances of that request, such as when and how it occurred or what else was discussed during the conversation.

Cabrera was represented at his plea and sentencing by CJA counsel.  Defense counsel explains in her affidavit that she spoke with Cabrera ten days after the sentencing, with an aid of an interpreter and via video call to his prison facility.  She

reports that she told Cabrera that she did not believe he had any viable issue for appeal and that the Court of Appeals would likely dismiss an appeal as barred by the appeal waiver in the Agreement.  She adds that Cabrera did not request that she file a notice of appeal during that call or anytime thereafter.  She further adds that, had he requested her to file a notice of appeal, she would have done so.

Cabrera's conclusory statement that he requested her to file a notice of appeal is inadequate to support his ineffective assistance claim given defense counsel's credible and detailed opposing account.  Moreover, the credibility of defense counsel's account is reinforced by other circumstances in the case, including Cabrera's acknowledgment of his appeal waiver during his plea allocution and his below-guidelines sentence. In addition, Cabrera was granted an extension to December 31, 2025 to reply to the Government's submission, which included his counsel's affidavit, and did not file any reply.  Accordingly, the record is sufficient for the Court to conclude that defense counsel did not render ineffective assistance by not filing a notice of appeal.

II.  Purity of Methamphetamine

Cabrera identifies a second ground in support of his petition.  He complains that his attorney failed to argue that

6

the purity of the methamphetamine is not indicative of his culpability or his role in the offense "since everyone involved with methamphetamine today, whether a drug lord or an end-user, has access to substantially pure, uncut [methamphetamine]."

Cabrera's complaint about his attorney's performance, however, is unsupported by the record.  At sentencing, defense counsel specifically focused on Cabrera's role in the drug operation, urging the Court to view him as a "day laborer" motivated by financial need to provide for his family.  Framing the argument this way, rather than the way Cabrera proposes, was in no way deficient or unreasonable.  Nor has Cabrera demonstrated that it was prejudicial.  As the sentencing transcript makes clear, the Court accounted for Cabrera's role as "an assistant" in the laboratory creating methamphetamine when imposing a below-guidelines sentence.  Accordingly, Cabrera's claim that he received constitutionally defective representation that impacted his sentence fails.

## Conclusion

Jorge Cabrera's July 1, 2025 petition for a writ of habeas corpus is denied.  Cabrera having not made a substantial showing of a denial of a federal right, a certificate of appealability shall not be granted.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from

this Opinion and Order would not be taken in good faith.  See

Coppedge v. United States, 369 U.S. 438, 445 (1962).  The Clerk

of Court is directed to mail Cabrera a copy of this Opinion and

Order and note mailing on the docket.

Dated:    New York, New York
          January 15, 2026

_____
          DENISE COTE
United States District Judge